UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                         :

MAURICE OPARAJI,                    :

                    :

              Plaintiff,        :

                    :

                    :        07 Civ. 2124 (GEL)

             -v.-            :

                    :      **OPINION AND ORDER**

ATLANTIC CONTAINER LINE and      :
PENBROKE MARINE SERVICES, INC.,

                    :

            Defendants.    :

                    :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      Plaintiff has applied for leave to proceed in forma pauperis ("IFP") on appeal in this
matter. The Court reviews the application for a showing of indigence. As plaintiff has not
adequately demonstrated that he is indigent, leave will be denied, without prejudice to a further
application more fully setting forth the basis for plaintiff's claim of indigence.

      Under Fed. R. App. P. 24(a), a party who desires to appeal IFP, and who has not already
been permitted to proceed IFP in the district court,[1] must submit an affidavit that "shows in the
detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give
security for fees and costs." Rule 24(a)(1)(A). At the outset, it should be noted that plaintiff's
affidavit is nowhere near as detailed as Form 4 to the Federal Rules of Appellate Procedure.
Given that plaintiff, who is without counsel, utilized a form apparently provided to him by the
Pro Se Office of this Court, the Court would not be inclined to reject the application on that
ground, if plaintiff's application made a clear showing of his lack of resources. Plaintiff's
answers, however, and other facts in the record, raise significant questions about whether he
meets the standard for IFP status.

      First, plaintiff indicates he owns property valued at $425,000 in value. (IFP Application
¶ 5.) Although the form asks that plaintiff "describe the property" as well as listing its
"approximate value," plaintiff provides no description of the nature of the property. Defendant
Penbroke Marine Services, Inc., which opposes the application, has provided the Court with a
copy of a previous application for IFP status made in a different action in the District of New

---

      [1] See Rule 24(a)(3) (permitting a party who was granted IFP status in the district court so
to proceed on appeal without further application, except in circumstances not relevant here).

Jersey in October 2007 , in which petitioner stated that he owns a residence in Queens with a value of $245,000. (Letter of Garth S. Wolfson, Esq., to the Court, dated Sept. 12, 2008, Ex. B.) The application in this matter gives no indication of whether the property referred to is the same residence, and if so whether the value declared is intended to represent the property's gross market value or its equity.[2]

Second, although plaintiff identifies one "Prince Operaji" as a person "that you pay money to support," he does not state, as requested by the form "the amount you pay each month." (IFP Application ¶ 7.) The New Jersey application similarly lists Prince Operaji, and identifies him as plaintiff's son, but also fails to state the amount of support provided, although that information is requested on that form as well.

Third, defendants, who oppose the IFP application, note that plaintiff's request to proceed IFP on appeal in the New Jersey was denied because of inconsistencies between plaintiff's trial testimony and his IFP application with respect to his business income and his support responsibilities. Oparaji v. N.E. Auto-Marine Term., 2007 WL 3226605, at *1 (D.N.J. Oct. 29, 2007).[3]

Finally, the Court notes that plaintiff did not seek IFP status in this Court, and apparently was able to meet the fees and expenses of proceeding here.

On the facts and circumstances of this case plaintiff's application is plainly insufficient. Plaintiff has not provided all the information called for on the form, omitting information crucial to an assessment of his financial circumstances. Moreover, plaintiff's credibility has been found lacking in connection with a similar application in a sister federal district court. Based on the incomplete status of plaintiff's IFP application, and the apparent credibility issues with respect to plaintiff's reporting of assets, the Court cannot determine on the present record whether plaintiff is indigent. Accordingly, the Court denies the application to proceed in forma pauperis on appeal without prejudice to re-application.

While a fully completed and otherwise credible version of this Court's ordinary form for IFP status on appeal may well be sufficient to warrant a grant of IFP status, the questions raised by plaintiff's application clearly warrant a more searching inquiry. Accordingly, in any subsequent application, the plaintiff is directed to provide complete and detailed information regarding his inability to pay or to give security for fees and costs, including all financial

---

[2] Plaintiff states that he pays $1500 per month "for rent or for a mortgage" (IFP Application ¶ 6), without specifying which it is. This answer thus provides no assistance in inferring whether he owns a house or whether, if he does, it is encumbered by a mortgage.

[3] It is also worth noting, as Penbroke further points out, that in the New Jersey action plaintiff claimed ownership of dredging equipment of substantial value. (Wolfson Letter at 1 & Ex. C; see also Oparaji v. N.E. Auto-Marine Term., 2007 WL 3226605, at *1.)

information requested in Form 4 of the Federal Rules of Appellate Procedure, as referenced in Rule 24(a)(1)(A). The Court notes in this regard that unlike the form submitted by plaintiff, both the Rule and the Form specify that the submission must take the form of an affidavit or affirmation under penalty of perjury. Any subsequent application by plaintiff must comply with this requirement.

SO ORDERED.

Dated: New York, New York
        September 23, 2008

GERARD E. LYNCH
United States District Judge

3